Morgan, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 19, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Sydney Finkelstein,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

*Raymond J. Broderick,* for employer, intervenor, appellee.

OPINION BY GUNTHER, J., July 14, 1953:

Claimant in this appeal was a painter. On Sunday, December 2, 1951, he left his work to go hunting, although it was his duty to work that day until 4:30 P.M. When he returned to work on December 6, his employer told him that there would be no work for him. Claimant thereupon filed a claim for benefits. He was denied compensation by the Bureau, and by the referee on the ground that claimant voluntarily left his employment without good cause within the meaning of §402 (b) of the Unemployment Compensation Law. This result seems scarcely tenable, in view of the facts, apparent in the record, that appellant

had previously discussed with his employer his desire to take that week-end off, and his intention to return to work. Unauthorized absenteeism, for a few hours on Sunday and three days thereafter, particularly when the time off had been requested previously, may constitute just cause for dismissal by an employer, but is not tantamount to resignation.

The Board affirmed the referee in his decision that claimant was ineligible for benefits under the act, but on grounds that his unemployment was due to discharge for willful misconduct connected with his work, under the provisions of §402 (e) of the act.

The record indicates that in the course of the hearing before him, the referee refused to hear or consider testimony concerning the satisfactory nature of appellant's work in general for his employer. Viewed in the light of the Board's final order, this evidence is significant and should have been admitted. Although this court has held that a single instance of misconduct is sufficient, under certain circumstances, to justify discharge and subsequent ineligibility for unemployment compensation benefits, *Wilsey Unemployment Compensation Case*, 169 Pa. Superior Ct. 368, 82 A. 2d 503, the record before us does not seem, in itself, sufficiently detailed to support a finding that this employe's defection was " 'an act of wanton or wilful disregard of the employer's interest, . . . a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest. . .' " *Detterer Unemployment Compensation Case*, 168 Pa. Superior Ct. 291, 294, 77 A. 2d 886.

The record is remanded to the Board for further hearings.