John D. Haseleu, Appellant, v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 6, 1973, before Judges WILKINSON, JR., MENGER and ROGERS, sitting as a panel of three.

*Jacob A. Myers,* with him *M. A. Della Vecchia* and *Evashwick, Brieger & Capone,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 19, 1974:

John Haseleu (Haseleu) had been employed by Mc-Millen & Baer Volkswagen, Inc., for approximately two years. He had originally been hired on a part-time basis as a carhop while still attending high school. His hours of work were from 3:30 p.m. to 7 p.m.

In June 1972, Haseleu began working full time performing other duties, including painting, in addition to his work as carhop. This full-time work was temporary and was only to last until July 17, 1972, at which time Haseleu was to start trade school.

On June 27, 1972, Haseleu started work about 10 a.m. Approximately 1 p.m., his employer discovered him walking about the premises with a paintbrush in his hand. There was a conflict of testimony on what happened next, but the referee found as a fact that the employer told Haseleu either to start painting or go home. Haseleu then left but returned at 3:30 p.m. to perform his carhop duties. At this time his employer told him he had been replaced.

Haseleu was denied unemployment compensation benefits as a result of the referee's determination that his unemployment was due to his voluntarily leaving work. The Unemployment Compensation Board of Review (Board) affirmed. This appeal then followed.

Our scope of review in unemployment cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. *Hinkle v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 308 A. 2d 173 (1973). We hold that the referee and the Board erred as a matter of law in determining that Haseleu's unemployment was due to his voluntarily leaving work. We therefore reverse.

Section 402(b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(b) (1), provides:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." We must decide whether or not Haseleu *voluntarily left work* and is therefore ineligible for unemployment benefits under the above section. This question is one of law. *See Martinez Unemployment Compensation Case,* 186 Pa. Superior Ct. 50, 140 A. 2d 351 (1958).

A reading of the record reveals that there was a misunderstanding between Haseleu and his employer as to what was meant when the employer told Haseleu to start painting or go home. Haseleu understood that he was merely relinquishing his newly acquired full-time status and that his job as carhop would be unaffected by his decision not to paint. This alleged understanding gains support from the fact that he returned to work at 3:30 p.m. to perform his duties as carhop. The employer, on the other hand, understood that his words were an ultimatum to Haseleu either to paint or be fired altogether.

It makes no difference which one of these interpretations we accept. In either case the facts do not support the referee's conclusion that Haseleu voluntarily terminated his employment. Haseleu was either fired for refusing a direct order, as his employer understood, or merely returning to his part-time status, as he understood. Haseleu cannot be found to have left work voluntarily when he left the premises if, in fact, he had been fired, and this conclusion is equally untenable if Haseleu was only giving up his newly acquired status for his part-time job as carhop.

A similar situation was presented in the case of *Morgan v. Unemployment Compensation Board of Review,* 174 Pa. Superior Ct. 59, 98 A. 2d 405 (1953). There a painter left work, without permission, to go hunting and was informed on his return three days later that he no longer had a job. The Court, in finding that the painter did not voluntarily leave work, stated: "Unauthorized absenteeism . . . may constitute just cause for dismissal by an employer, but is not tantamount to resignation." 174 Pa. Superior Ct. at 61, 98 A. 2d at 406.

This language is applicable to the present situation. Haseleu's refusal to paint and subsequent absence from work for almost three hours may have constituted just cause for his dismissal, but the conclusion of both the referee and the Board that such conduct constituted voluntarily leaving work under Section 402(b)(1) of the Unemployment Compensation Act was incorrect as a matter of law.[1]

[1] If the Board had ruled the claimant ineligible for wilful misconduct, under the provisions of Section 402(e) of the Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e), our review on this record likely would have resulted in an affirmance, but we cannot assume that the Board would have found wilful misconduct on the part of the claimant when it did not consider that question.

We therefore issue the following

**ORDER**

AND NOW, this 19th day of February 1974, we reverse the order of the Unemployment Compensation Board of Review. The record is hereby remanded to the Board for further proceedings consistent with this opinion.