Joan D. Manjares, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued July 31, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Joseph W. Frank, Jr.,* with him *Brickley, Frank & Kerwick,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, September 27, 1974:

This is an appeal by Joan D. Manjares from an order of the Unemployment Compensation Board of Review (Board) which disallowed an appeal under the provisions of Section 502 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §822.

The issue is whether the unemployment of Joan D. Manjares resulted from action of her employer or was due to her "voluntarily leaving work without cause of a necessitous and compelling nature." If the latter, she is not entitled to compensation by the provisions of Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1).

Mrs. Manjares was employed as a secretary for Chapel Hill Manufacturing Company. She was paid a weekly salary of $150 for her services and had been so employed for approximately four years prior to March 21, 1973, her final day of employment. On March 19, 1973, she asked one of the two partners, who owned and directed the operations of the company, whether she could be absent from work on March 22 and March 23. This partner gave conditional approval by informing her that she could be absent from work as requested, provided that such absence did not conflict with the plans of the other partner. Mrs. Manjares was instructed to inquire of the other partner for final approval.

On March 20, 1973, Mrs. Manjares spoke with the other partner about the matter and he gave approval conditioned on her arranging for someone to answer the phone during her absence. On March 21, 1973, one of the partners informed her that the person that she had secured to answer the phone was not acceptable and

that she could not be excused from working the following two days. She was further informed that, if she did not work on March 22 and March 23, she should not return to work thereafter.

Mrs. Manjares became, according to her testimony, "emotionally upset" and left the office of her employer at 11:30 a.m. on March 21, 1973, and never returned. Her application for unemployment compensation was denied by the Bureau of Employment Security and the Referee, for the reason that her unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature.

Our scope of review in unemployment compensation cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings[1] are supported by the evidence. *Shira v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973). Whenever one becomes unemployed by a voluntary termination of his work, he assumes the burden of showing that such termination was with cause of a necessitous and compelling nature. *Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A. 2d 295 (1973).

We must conclude on this record that Mrs. Manjares was not fired by her employers on March 21, 1973, but was informed that she would be required to work the following two days. She acknowledged in her testimony that, when she left work on March 21, 1973, she understood that, if she reported for work on March 22, 1973, she would still have her job. This becomes the crucial factor. Mrs. Manjares elected not to return to work *at any time* after leaving on March 21, 1973. It is true that she had been told by her employer that, if she

---

[1] In the present case, the Board adopted the findings of the Referee.

did not work the following two days, she need not come back, but had she returned to work she would not have voluntarily terminated her employment. *Morgan v. Unemployment Compensation Board of Review,* 174 Pa. Superior Ct. 59, 98 A. 2d 405 (1953). In *Morgan* it was held that unauthorized absenteeism may constitute just cause for dismissal by an employer, but is not tantamount to resignation.

Here Mrs. Manjares was only granted a conditional approval of her request for time off from work, and when the conditions were not fulfilled she was not fired[2] but was instructed to report to work on the following day. She thereafter elected (1) to leave work on March 21, 1973, and (2) never to return to her job with the Chapel Hill Manufacturing Company. She was not fired but only warned of the consequences of not working her scheduled days of work. It was for her to decide either (1) to work as requested, (2) not to work the following two days and to return to work thereafter under risk of not being accepted back, or (3) to leave and never return. She chose this latter course and offered only the explanation that she did not work on March 22 and March 23 because she had made plans to travel to Florida. We cannot conclude that this was a reason of a compelling and necessitous nature justifying her voluntary termination of her employment.

### ORDER

AND NOW, this 27th day of September, 1974, the order of the Unemployment Compensation Board of Review disallowing further appeal by Joan D. Manjares is affirmed.

---

[2] This factor distinguishes this case from *Haseleu v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 96, 316 A. 2d 159 (1974).