## Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Joseph Moran, Jr., Appellant.

388

Argued September 12, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Thomas B. Schmidt, II,* with him *David H. Huggler, R. James Reynolds, Jr.,* and *Pepper, Hamilton & Scheetz,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 21, 1975:

This is an appeal by Joseph Moran, Jr. (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) which affirmed an order of the referee denying unemployment compensation pursuant to Section 402(b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (1) (Act). We affirm.

Claimant was last employed by Upland Industries, Inc., as the Director of Engineering. On March 11, 1974,

the Claimant was called into a meeting with the company's executives. The executives told Claimant his actions on the previous day were not consistent with the responsibility of his position in the company and that if he was unwilling to assume that responsibility he should seek employment elsewhere. Claimant left and neither returned nor communicated his intentions to his employer. The Board, after remanding to the referee for additional testimony, affirmed the referee. Claimant's appeal followed.

Two questions are presented to us: First, did the Board refuse to receive all relevant evidence of a reasonable, probative value or refuse to permit reasonable examination and cross-examination? In reviewing the record, we find that the Board did receive all relevant evidence and did allow reasonable examination and cross-examination of all witnesses. Secondly, did the Board in denying Claimant benefits under Section 402(b) (1) of the Act have on the record substantial evidence to support its findings? Claimant testified that his employer never told him that he was not discharged, but he admits that he was not told that he *was* discharged.

That conflicting evidence was presented does not necessarily mean there is no competent or credible evidence to support the findings. *Cornyn v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 447, 316 A.2d 158 (1974). The Board found the decision to terminate employment was made solely by Claimant motivated by his own impression that he had been discharged. We repeat: The factual findings of the Board, if supported by the evidence, are conclusive. *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 319 A.2d 195 (1974). The Board found Claimant left work voluntarily and he can be eligible for benefits under Section 402(b) (1) of the Act, only if he left for a necessitous and compelling reason. In *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 241, 244, 316 A.2d

390

679, 680 (1974), we said, "A claimant for unemployment compensation benefits who becomes unemployed by voluntary termination of his work bears the burden of proving that such termination was with cause of a necessitous and compelling nature [Citation omitted.]" The Board determined that Claimant failed to meet his burden of proving that his voluntary termination was with cause of a necessitous and compelling nature. Our review of the record compels us to agree. Therefore, we must

ORDER

AND NOW, this 21st day of October, 1975, the Order of the Unemployment Compensation Board of Review is hereby affirmed.