Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Richard Harper, Appellant.

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as panel of three.

*Peter J. Pinnola,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 4, 1976:

This is an appeal by Richard Harper (claimant) from a decision of the Unemployment Compensation Board of Review (Board) which denied him benefits under Section 402(b)(1) of the Unemployment Compensation Law.[1] The Board held that Harper had voluntarily left work without cause of a necessitous and compelling nature.

Harper was employed as a sanitation worker by Blue Bird Food Products, Inc., Philadelphia, for 5½ years. On May 31, 1974, his last day of work, he reported to his supervisor at the start of the shift that a clean uniform had not been placed in his locker and that he had been unable to locate one. Under an existing collective bargaining agreement, the employer had the duty to provide clean uniforms. The supervisor told the claimant to look for a uniform on the floor of the plant changing room, and, after failing to find a suitable uniform there, Harper checked out for the day without notifying anyone that he was leaving. When he reported for work the next day, he found that his time card had been removed, and was told that his employment had been terminated because he had quit. The Bureau of Employment Security

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(b)(1):

"An employe shall be ineligible for compensation for any week—

. . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

(Bureau) denied his application for benefits, and both the referee and the Board affirmed the Bureau's denial.

In unemployment compensation cases, review by this Court is limited to questions of law and to a determination as to whether or not the findings of the Board are supported by substantial evidence. *Warminster Fiberglass Co. v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1974).

The Board found here that the claimant had failed to make a substantial effort to contact his supervisor and that he had left work without notifying anyone. We are bound by these findings if the record contains evidence from which such inferences can reasonably and logically be drawn. *Hinkle v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973). And we must conclude that these findings are so supported.

The determination of whether or not a claimant's unemployment is a result of voluntarily leaving work, however, is a question of law. *Rettan v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 287, 325 A.2d 646 (1974). The claimant argues here that he had no intention of terminating the employment relationship when he left work on May 31, 1974, as evidenced by his unrebutted testimony that he returned to work the next day, apparently expecting to carry out his duties. He contends that his absence was so brief that it cannot support the conclusion that he voluntarily left his employment. As we read the record, there is no evidence of any policy or procedure to suggest to this claimant that when he left work he had quit his job. There is testimony on his part that the employer's policy was to give a reprimand in the first instance of an unexcused absence, a suspension for a second, and a possible termination or longer suspension for a third. The employer presented no evidence to the contrary, and it

appears that the established policy, as the claimant understood it, was not followed in this case.

In the similar fact situation of *Unemployment Compensation Board of Review v. Moran,* 21 Pa. Commonwealth Ct. 387, 346 A.2d 591 (1975), the claimant left work and neither returned the next day nor communicated his intention to do so and was therefore denied benefits. This case, however, can be distinguished from the case heard because the claimant in *Moran* had been told by his employer that, if he was unwilling to assume his responsibilities, he should seek employment elsewhere. The claimant in *Moran,* unlike the claimant here, had notice that his leaving would be interpreted as a termination of employment.

While we do not condone the practice of leaving a job site without giving notice to the employer, the evidence of record in this case does not support a conclusion as a matter of law that the claimant's unemployment is due to his "voluntarily leaving work." On the contrary, we must conclude as a matter of law that, while the Board's findings of fact may be supported in the record, there is not sufficient evidence to support its legal determination of ineligibility under Section 402(b) (1) of the Act.

The claimant's actions here might, however, have constituted such willful misconduct as would disqualify him from benefits under another Section of the Act, 402 (e).[2] In the similar case of *Haseleu v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 96, 316 A.2d 159 (1974), this Court decided that the

---

2. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(e):

"An employee shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

Board's findings did not support a conclusion that a claimant had voluntarily left work but that the facts suggested willful misconduct, and, because this issue had not been considered by the Board, we remanded the case to the Board for such a determination. We will do the same here and issue the following:

ORDER

AND, NOW, this 4th day of February, 1976, we reverse the order of the Unemployment Compensation Board of Review. The record is hereby remanded to the Board for further proceedings consistent with this opinion.