Robert G. Bannon, Appellant v. Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued October 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of three.

*Robert G. Bannon,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 22, 1976:

Claimant appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the order of the referee denying claimant benefits.

Claimant was last employed as a Sales Representative for American Tobacco Company (a division of American Brands), a position he held for more than fourteen years. Some time prior to his last day of employment, which was April 25, 1975, claimant approached the National Sales Manager, explaining that he would have it "pretty rough" continuing employment obligations since his twelve (12) year-old son would be moving into his home (sometime in June, 1975). It appears that claimant traveled approximately one (1) week per month in the performance of his job and that such traveling would cause him difficulty when he became responsible for the everyday care of his son. Claimant started the conversation with the National Sales Manager in order to ascertain whether any other position might be available to him in the same company. In response to his question claimant was told that there were no other positions and that he ought to go elsewhere and do some other type of work.

After a later discussion with another supervisor at which time claimant was told of the possibility of

his being laid off or fired, claimant tendered his resignation, effective June 6, 1975. This resignation was accelerated to April 25, 1975, since it was the belief of the company that claimant would no longer be able to travel for them.

The Bureau of Employment Security concluded that claimant's reason for voluntarily leaving his work was not "cause of a compelling and necessitous nature" within Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). However, in the referee's decision, which was affirmed by the Board, claimant was found ineligible because his termination was due to a "marital, filial or other domestic obligation," within the purview of Section 402(b)(2), 43 P.S. §802(b)(2).[1] We agree and, therefore, affirm.

Section 402(b)(2) under discussion in the instant case was exhaustively reviewed by this court in the case of *Crumbling v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974), and we find that case to be controlling here. In *Crumbling, supra,* we held that:

"This provision has been consistently construed to negate, as grounds for a 'necessitous and compelling' cause under Section 402(b)(1), a voluntary termination attributable to such domestic obligations as the necessity of caring for ill family members or small children. [Citations omitted]." *Crumbling, supra,* 14 Pa. Commonwealth Ct. at 549, 322 A.2d at 748.

In the instant case it was the finding of fact of the referee, as affirmed by the Board, that the imminent arrival of claimant's young son (and the care

---

[1] Section 402(b)(2), was amended to its present form in 1959, by the Act of December 17, 1959, P.L. 1893, §8.

and responsibility involved) precipitated the conversation with the claimant's supervisors concerning other possible jobs in the company and sometime hence, his resignation. Thus, a clear case for disqualification under the provisions of Section 402(b)(2).

One further point in the claimant's argument should be noted. While the claimant presented evidence contrary to the findings of fact on the crucial issue of his motivation for resigning his employment, this court has held consistently that:

"[O]ur review is limited to whether or not the Board's findings of fact are consistent with each other and with the conclusions and order of the Board, and whether they can be sustained without a capricious disregard of competent evidence." *Crumbling, supra,* 14 Pa. Commonwealth Ct. at 548, 322 A.2d at 747.

Our careful reading of the record leads us to conclude that the Board did not capriciously disregard competent evidence and that the findings of fact are consistent with the order of the Board.

Following *Crumbling,* therefore, we are bound by the express will of the Legislature, and must hold that claimant by voluntarily resigning from his job as Sales Representative, in order to avoid any difficulty or conflict with his increased responsibility to his young son, is ineligible for unemployment compensation benefits.

Accordingly, we will enter the following

ORDER

Now, the 22nd day of October, 1976, the decision of the Unemployment Compensation Board of Review, at Docket Number B-128804, filed December 1, 1975, denying eligibility for Robert J. Bannon, claimant, after June 7, 1975, is hereby affirmed.