Barbara A. Denby *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Barbara A. Denby, Appellant.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of three.

*Luther E. Weaver,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 23, 1976:

The critical issue in this appeal from the decision and order of the Unemployment Compensation Board of Review (Board) is whether Barbara A. Denby (Claimant) voluntarily quit her employment with cause of a necessitous and compelling nature.[1]

It is undisputed that Claimant voluntarily quit, and it is alleged she did so because she was physically incapable of continuing in her job.[2] Since she voluntarily terminated her employment, the burden rests upon

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] At the referee's hearing counsel for the employer and Claimant had this dialogue which negates her allegation she quit for medical reasons:

"Q. Your last date of employment was September 25 of 1974, isn't that right?

"A. Yes.

"Q. Now, you left on that day?

"A. Yes.

"Q. *Were your medical problems the cause of your leaving that particular day?*

"A. *Oh, the medical problems at that time . . . moment, they weren't.*

"Q. They were not. So they had really nothing to do with your leaving on the 25th, isn't that right?

"A. At the moment that I left—at that time—no it wasn't." (Emphasis added.)

her to show cause of a necessitous and compelling nature. *Unemployment Compensation Board of Review v. Holtz,* 19 Pa. Commonwealth Ct. 316, 338 A.2d 690 (1975). Where, as here, she did not consult a physician, her unsupported statement that the working conditions adversely affected her health is insufficient, of itself, to establish good cause for leaving. *Taylor v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 391, 338 A.2d 702 (1975). Further, we note that her physician's testimony based on observation after she quit is of little evidentiary value, since Claimant's physician's diagnosis does not adequately explain and buttress the health reasons as they existed on the date of her termination. Having carefully reviewed the record, we conclude there is substantial evidence of record to support the Board's decision and order. *See Elshinnawy v. Commonwealth,* 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974).

Therefore, we

### ORDER

AND Now, this 23rd day of November, 1976, the decision and order of the Unemployment Compensation Board of Review denying Barbara A. Denby benefits is affirmed.