David Hutt *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. David Hutt, Appellant.

Argued October 8, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

58

*Franchot Golub,* with him *Louis Silverman,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, December 31, 1976:

David Hutt (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits[1] pursuant to Section 402(b)(1) of the Unemployment Compensation Law[2] (Law), 43 P.S. §802(b)(1) which provides that an employe shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

The sole issue here is whether or not Hutt voluntarily left his employment. The record shows that he

---

[1] The claimant's application for benefits was denied first by the Bureau on the basis of the employer's written statement that the claimant had "quit of his own accord." The claimant appealed this determination, but when he failed to appear at the hearing before the referee, his appeal was denied and the Bureau's decision affirmed. Upon further appeal to the Board, the claimant appeared at a hearing and, therefore, only the Board's decision will be considered here. We note that the employer did not appear at either hearing.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

last worked on Monday, January 20, 1975 and that he visited a hospital on Tuesday, January 21, 1975. He testified that his wife informed his employer on the day of his hospital visit (Tuesday) that he was absent from work because of illness,[3] and he also testified that he did not contact his employer again until Friday afternoon, January 24, 1975, at which time the Board found that "the employer notified the claimant that he had quit, and with these words the employer-employee relationship was ended."[4]

When an employee is absent from work without permission, such absenteeism may constitute just cause for his dismissal, but it does not constitute "voluntarily leaving work" under Section 402(b)(1) of the Law. *Haseleu v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 96, 316 A.2d 159 (1974); *Morgan v. Unemployment Compensation Board of Review*, 174 Pa. Superior Ct. 59, 98 A.2d 405 (1953).[5] The phrase "voluntarily leaving work" in Section 402(b)(1) means that

---

[3] It is apparent from the record, as counsel pointed out at oral argument, that the Board's decision is not accurate in its recitation of the dates which constitute crucial elements in this case. It appears, however, that the dates cited in the text are correct. We also note that the claimant's testimony on notification to the employer was uncontradicted and, although the Board stated that it "considers the [claimant's] allegations [in general] to be self-serving and ascribes little credibility to his statements," the Board has not made a finding of fact on notification. The claimant also testified that he believed that his notification of illness on Tuesday would "cover" him for the week.

[4] Board "finding of fact" No. 3. The Board also found that the claimant had reported on Friday only to pick up his check, and the claimant testified that he had intended to report to work on Monday.

[5] In *Morgan, supra*, the employee had been absent without permission for a little more than three days and had asked to have the time off to go hunting. The facts there were very similar to the instant case in that the claimant had apparently notified the em-

he left of his own motion; he was not discharged. *It is the opposite of* a discharge, dismissal or layoff by the employer or other *action by the employer severing relations with his employes....* (Emphasis added.)

*Labor and Industry Department v. Unemployment Compensation Board of Review,* 133 Pa. Superior Ct. 518, 521, 3 A.2d 211, 213 (1938).

It is true, however, that "[a]bsence from work, even for a good cause such as illness may become, through the lapse of an unreasonable amount of time, a voluntary termination." *Unemployment Compensation Board of Review v. Thomas,* 24 Pa. Commonwealth Ct. 136, 139, 354 A.2d 46, 47 (1976).

The question of whether or not a termination of employment was voluntary is a question of law, of course, and is within our scope of review. *Rettan v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 287, 325 A.2d 646 (1974). We do not believe that an unreasonable amount of time elapsed in this case and the only action taken here regarding the termination of the claimant's employment was taken by the employer. We believe, therefore, that the Board committed an error of law by disqualifying the claimant from unemployment compensation benefits under Section 402(b)(1). We, therefore, reverse the order of the Board and remand this matter to the Board for a computation of benefits.

## ORDER

AND Now, this 31st day of December, 1976, the order of the Unemployment Compensation Board, dated January 5, 1976, is reversed and this matter is remanded to the Board for a computation of benefits.

---

ployer of his desire to take time off and was then absent for approximately three days without permission.