Howard Thompson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1977, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*Beverly J. Lucas,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 17, 1978:

The narrow issue presented in this appeal by Howard Thompson from an order of the Unemployment Compensation Board of Review (Board) is whether his repeated absence from work, in the face of numerous warnings and reprimands by his employer, constitutes willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Thompson, who had an extensive and well-documented history of absences and tardiness for which he had received several written warnings and penalties,

was in an altercation with his foreman on August 22, 1975. He immediately walked off the job without notifying his employer as to whether or when he might return. Thompson did not report for work the next day because he was afraid that he would be unable to control his desire to "do physical harm to the foreman as a result of his actions. . . ." During that day he was contacted by the employer's scheduling office, apparently to determine why he had not reported for work. The office was then informed of the altercation. Thompson was told to report for work the next day. When he reported, he was informed of his suspension. Thompson was thereafter advised of his discharge.

Thompson applied to the Bureau of Employment Security (Bureau) for unemployment compensation. He was determined to be ineligible for benefits. Thereafter, a hearing was scheduled in the matter. Unfortunately, Thompson was inexplicably absent from the hearing, and the referee decided the case on the record developed by the Bureau.[1] The Board held another hearing which Thompson attended. At the hearing, Thompson admitted receiving three or four warnings that he would be given time off without pay if he were late "or anything else." He also admitted that after the August 22 altercation he left the job. After the hearing, the Board determined that Thompson was guilty of willful misconduct and therefore ineligible for benefits. He appealed to this Court.

---

[1] The record included a portion of Thompson's personnel folder which had been submitted by the employer. It contained detailed documentation of Thompson's absences from work. Of course, this material is hearsay which can support findings of fact only when it is admitted without objection and is corroborated by competent evidence. See *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). This material was admitted without objection and was in essential part corroborated by Thompson's own testimony.

The law is clear that, while absenteeism by itself does not constitute willful misconduct, absenteeism joined by the failure to notify the employer and a prior warning against such conduct does constitute willful misconduct. *See Thompson v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 591, 368 A.2d 1386 (1977); *Unemployment Compensation Board of Review v. Rodriguez*, 22 Pa. Commonwealth Ct. 586, 349 A.2d 915 (1976). Obviously, leaving work early without notice is a form of absenteeism which may rise to the level of willful misconduct. *Compare Blystone v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975), *with Woodson v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973). *See also Haseleu v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 96, 316 A.2d 159 (1974); *Morgan v. Unemployment Compensation Board of Review*, 174 Pa. Superior Ct. 59, 98 A.2d 405 (1953). It has been stated:

> 'An essential element of misconduct in connection with the claimant's work is a breach of duty to the employer. In any employment relationship, there are certain standards of behavior which the employer has the right to expect of his employees, even though they may not be expressly set forth in the written or verbal contract. The claimant's action was a breach of duty owed to his employer and was an act so inimical to the employer's best interests that discharge was a natural result. Accordingly, the claimant is disqualified from receiving benefits under the provisions of Section 402(e) of the Law.'

*Blystone, supra,* 17 Pa. Commonwealth Ct. at 182-83, 342 A.2d at 773.

In the instant case, Thompson had an extensive history of absenteeism about which he had been repeatedly warned. After the August 22 altercation, he absented himself without timely notice to management. Significantly, he suggests neither that such notice was unnecessary, *see Blystone, supra,* nor that it would have been useless or prohibitively onerous to give such notice. We therefore conclude that on this record the Board did not err in denying benefits to Howard Thompson.

ORDER

And Now, this 17th day of January, 1978, the order of the Unemployment Compensation Board of Review, denying benefits to Howard Thompson, is hereby affirmed.