John Schwarzenbach, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 27, 1978, before Judges CRUM-LISH, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Walter Walkenhorst,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., June 20, 1978:

Appellant, John Schwarzenbach, appeals from a decision of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits.

Appellant was an Income Maintenance Worker for the Philadelphia County Board of Assistance (Employer). On Friday, April 2, 1976, he requested permission to take leave time stating that he was upset and unable to perform his duties.[1] The request was denied ostensibly because Appellant had accrued an insufficient amount of leave time. Appellant pursued his request by proving that he had accumulated approximately four days of leave time, and upon veri-

---

[1] Appellant testified that he was being harassed by certain of his clients at work and home.

fying that point, left work without the written authorization of his supervisor, never to return. Having no indication of Appellant's intentions regarding his employment, Employer, on April 7, sent a letter to Appellant advising him that the leave taken on April 5 and thereafter was taken without authorization and therefore would be charged as leave without pay. He was requested to contact Employer no later than 12 o'clock Noon on April 9, and advised that his failure to do so would be deemed an indication of his desire to abandon his position with Employer and result in removal from its staff. Appellant failed to contact Employer as requested, and Employer, by letter dated April 14, notified Appellant of his termination.

On appeal to the Bureau of Employment Security, the referee found that Appellant voluntarily left his employment without cause of a necessitous and compelling nature and sustained Employer's action. In so doing, the referee concluded that Appellant was ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). The Board adopted the referee's findings of fact, affirmed his decision and concluded that Appellant's abandonment of his work for five days was tantamount to voluntary termination. Appellant now comes to us.

It is argued that the Board erred in finding that Appellant abandoned his job and asserted that his termination was involuntary and tantamount to a formal discharge. Appellant alleges several facts in support of his argument. He contends that he asked for and received permission, albeit verbal permission, to leave work for emotional reasons and that he intended to return following what he thought was an authorized leave of absence. He purports that he

was out of town on April 9 and had arranged for a friend to contact Employer, but the friend failed to do so. He also contends that he did not receive Employer's letter of April 7 until the week of April 12, but claims however, that he was made aware of his termination during the weekend of April 10-11 in a conversation with his union shop steward. It is because of this conversation, so says Appellant, that he did not report to work on April 12. Lastly, Appellant urges that implicit in his request for permission to take leave time was an indication of his intention to return to work.

The Board responds by stating that the record clearly shows the taking of unauthorized leave time and the failure of Appellant to, at any time after his departure, contact Employer. It is urged that these facts support a determination that Appellant voluntarily left his work. We agree.

The question of voluntary termination is a question of law and as such is left for our determination.[2] *See Unemployment Compensation Board of Review v. McWilliams*, 23 Pa. Commonwealth Ct. 401, 352 A.2d 569 (1976). Questions of credibility, however, are for the Board. *See Recker v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 327, 373 A.2d 795 (1977).

Appellant relies on several cases[3] for the proposition that unauthorized absence is not tantamount to

---

[2] Our scope of review in unemployment compensation cases is governed by Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.44. *See Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A. 2d 829 (1977).

[3] *Hutt v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 57, 367 A.2d 390 (1976); *Unemployment Compensation Board of Review v. Thomas*, 24 Pa. Commonwealth Ct.

voluntary termination. Neither those cases nor any of our prior pronouncements concerning Section 402 (b)(1) of the Law, however, support his argument. In each of the cases cited, the claimant/appellant left work for varying time periods without authorization, but in each instance he/she either reported back to work, contacted the employer, or left in the first instance for compelling reasons. Here, Appellant left work without authorization[4] and neither reported back, maintained any contact with Employer, or proved a compelling and necessitous reason for his absence. Indeed, when asked what he did when he discovered that his friend had failed to contact Employer on April 9, Appellant answered that he didn't do anything. It is well established that a prolonged absence from work can constitute a voluntary termination when the employee fails to manifest his intention not to abandon his employment. *See Simpson v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 245, 370 A.2d 431 (1977). Appellant made no such manifestation and was absent for a sufficiently prolonged period.

Accordingly, we

ORDER

AND Now, this 20th day of June, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.

---

136, 354 A.2d 46 (1976) ; *Unemployment Compensation Board of Review v. Harper*, 23 Pa. Commonwealth Ct. 197, 350 A.2d 920 (1976) ; *Rettan v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 287, 325 A.2d 646 (1974) ; *Haseleu v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 96, 316 A.2d 159 (1974) ; *Morgan v. Unemployment Compensation Board of Review*, 174 Pa. Superior Ct. 59, 98 A.2d 405 (1953).

4 Contrary to Appellant's contentions, the referee found that Appellant had no authorization to take leave time. Questions of credibility are for the fact-finder.