Rena C. Ritchey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Hedstrom Company, Intervenor.

Argued October 30, 1978, before Judges Wilkinson, Jr., Rogers and MacPhail, sitting as a panel of three.

*Norman D. Callan,* with him *Paul S. Foreman,* for petitioner.

*James S. Cheslock,* with him *Eugene K. Connors,* and *Reed, Smith, Shaw & McClay,* for intervening respondent.

OPINION BY JUDGE ROGERS, December 22, 1978:

Rena C. Ritchey appeals from a decision of the Unemployment Compensation Board of Review holding her to be ineligible for benefits on the ground that she had voluntarily left work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Ritchey and her fellow employees of Hedstrom Company's Bedford, Pennsylvania plant were on strike from July 12, 1976 until September 9, 1976. At the conclusion of the strike, Ritchey, in response to her employer's telephone inquiry, said that she would be available for work beginning September 13, 1976. On that day she reported for, but was not given work because the plant's production schedule was still disrupted as a result of the strike. She and other employees who were not recalled were told to go home and wait for notice by telephone to return to work. At about noon that day, September 13, 1976, Ritchey left on a trip to New Jersey from which she returned home

at 5:00 o'clock P.M. on September 16, 1976. As it happened, the employer called Ritchey's home on the evening of September 13, 1976 and left a message with her son that she should return to work the following day, September 14, 1976. When she did not report on that day, the employer again called the home and told Ritchey's son that she should return to work on September 15, 1976.[1] Also on September 14, 1976, the employer sent a letter to Mrs. Ritchey telling her that if she did not return to work by September 16, 1976 her employment would be terminated. Since Ritchey did not return from her trip to New Jersey until 5:00 o'clock P.M. on September 16, 1976 and for this reason did not return to work on that day, she was discharged.

Because the record does not support the conclusion that Ritchey voluntarily left her work, we must reverse the Board's order declaring her ineligible for compensation for this reason. In *Morgan v. Unemployment Compensation Board of Review,* 174 Pa. Superior Ct. 59, 98 A.2d 405 (1953), a painter left work without permission to go on a three day hunting trip. Upon his return, his employer told him he no longer had a job. In commenting on the Bureau's denial of compensation based on a voluntary quit, the Superior Court declared that "[u]nauthorized absenteeism, . . . particularly when the time had been requested previously, may constitute just cause for dismissal by an employer, but is not tantamount to resignation." 174 Pa. Superior Ct. at 61, 98 A.2d at 406. We have recently quoted this language from *Morgan* with approval in

---

[1] Ritchey's son testified that he was unable to give these messages to his mother in New Jersey because he did not know where she was. There is evidence in the record that Ritchey had given her employer the name of a friend who would know where she was during her absence but that the employer did not call this person, apparently because they reached the son at home.

*Firmstone v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 158, 370 A.2d 749 (1977), and *Hutt v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 57, 367 A.2d 390 (1976).

It is true that a worker's absence from work for an unreasonable length of time without notice to the employer of an intention not to abandon the job, may constitute a voluntary quit. *Simpson v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 245, 370 A.2d 432 (1977). However, Ritchey's three day absence can hardly be characterized as unreasonably long, especially as she was not assured that her presence would be needed during that time.

Absenteeism without notice to the employer and after warning may constitute willful misconduct within the meaning of Section 402(e) of the Law, *as amended,* 43 P.S. §802(e). *Thompson v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 338, 381 A.2d 1024 (1978). The employer has assigned this cause as a reason for Ritchey's ineligibility from the beginning of this case and argues to us that if we cannot affirm we should remand for consideration of this issue, ignored by the compensation authorities. We believe this to be the appropriate course and will therefore remand the record so that the Board of Review may decide whether Ritchey committed acts of willful misconduct and dispose of the case accordingly.

### Order

And Now, this 22nd day of December, 1978, the order of the Unemployment Compensation Board of Review disallowing compensation benefits is reversed and the record is remanded to the Board of Review for proceedings consistent with the opinion herein.