Margaret Trusky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Conley Motor Inn, Respondents.

Argued May 7, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

68

*Vincent J. Quatrini, Jr.,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 6, 1980:

Margaret Trusky has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's decision that Ms. Trusky is ineligible for unemployment compensation benefits because she voluntarily quit her employment without necessitous and compelling cause. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The case concerns compensation for only three weeks—that being the entire duration of Ms. Trusky's unemployment.

Ms. Trusky was employed by Conley Motor Inn for five and one-half years as a cook. In July 1978, Ms. Trusky and Howard Conley, the president of the owner corporation, had words concerning her preparation of a sandwich. When the conversation became quite heated Ms. Trusky asked Mr. Conley if she was fired. Mr. Conley replied, in the words of Ms. Trusky, "it would be for the best of us." Mr. Conley denied making any such reply and testified that he did not discharge Ms. Trusky. The Board of Review found that Mr. Conley had not dismissed Ms. Trusky but that he had said that it would be for the best if she were dismissed. A similar incident with a similar in-

terchange had occurred before and had been conciliated by Mr. Conley's father. Following the incident here in question Ms. Trusky finished the one and a half hours remaining on her shift but did not report the next day she was scheduled to work.

Ms. Trusky, whose counsel calls the matter one of principle with his client, argues somewhat inconsistently with that characterization, that the record compels a conclusion that she was fired from her job. The unemployment compensation authorities concluded that she voluntarily quit. We agree that she quit and since there is no showing of good cause for quitting, that she was ineligible for compensation.

Ms. Trusky says she believed that Mr. Conley's language meant that she was dismissed. In cases similar to this we have held that, notwithstanding the employee's belief that he had been dismissed, the Board of Review may properly find that he had quit if this determination is supported by the record. For example, in *Unemployment Compensation Board of Review v. Moran,* 21 Pa. Commonwealth Ct. 387, 346 A.2d 591 (1975), an employee who left work after being told that if he was unwilling to take responsibility he should seek employment elsewhere was held to be a voluntary quit. In the very recent case of *Bowman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980), a crew of workers were told that they had worked together for the last time and we agreed that this language lacked the immediacy and finality of a firing. So here also the immediacy and finality of a firing are absent. It is undisputed that Mr. Conley had used the same language on an earlier occasion and that the employment relationship nevertheless continued—a circumstance casting doubt on the assertion that a dismissal was effected or intended this time.

Order affirmed.

ORDER

AND NOW, this 6th day of June, 1980, the order of the Unemployment Compensation Board of Review denying unemployment compensation benefits to Margaret Trusky is affirmed.