Joseph A. Manjone, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Paula Garrety,* with her, *Conrad A. Falvello,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 9, 1981:

The petitioner, Joseph A. Manjone, challenges a decision of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b), for voluntarily terminating his employment without necessitous and compelling cause.

The petitioner was employed as a meat cutter for Gould's I. G. A. Supermarket (employer), when he was sent home from work by the store manager on August 25, 1979 for allegedly violating the employer's policy in regard to trimming fat and bone from certain cuts of steak. He did not return to work until September 1, 1979, at which time he was told that he had been replaced and that his services were no longer needed by his employer. His application for unemployment benefits was denied by the Bureau (now Office) of Employment Security, but after a hearing, a referee granted benefits on the ground

that the petitioner had been discharged and that the employer had not met its burden of proving willful misconduct. Section 402(e) of the Law, 43 P.S. §802 (e). Upon further appeal, the Board reversed the referee, holding that the petitioner had abandoned his employment after being reprimanded and that he had established no compelling reason for quitting.

The petitioner argues first that there is no substantial evidence to support the Board's finding that he was not discharged on August 25 but was told to contact the employer if he felt that he had been reprimanded unfairly. To the contrary, the record reveals repeated testimony by the store manager that the petitioner was not discharged, that he was scheduled to work the next week, and that, if he felt that he was being treated unfairly regarding the meat trimming incident, he was to contact his employer to discuss the matter further. We believe that this testimony was sufficient to support the Board's finding.

The petitioner next contends that he returned to the store on September 1, 1979 so that the Board erred in finding that he had never contacted his employer after August 25, 1979. It does appear that the Board's finding in this regard was erroneous, but we do not believe that this error requires a remand. Even were we to accept the petitioner's assertion that he contacted his employer on September 1, this was 6 days after he left (and at least 5 working days thereafter) and we must conclude that the facts support the Board's holding that he had abandoned his employment. The petitioner failed to get in touch with his employer until a full week following his reprimand, and did not report to work until then *despite the specific instructions given to him by his employer's representative*. His absence from work for this long a period without contact with his employer or any other manifestation of his intent to return to his

employment could reasonably have been held to constitute a voluntary termination. *Schwarzenbach v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 137, 387 A.2d 519 (1978).

We will therefore affirm the denial of benefits.

ORDER

AND Now, this 9th day of September, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.