## Burton Unemployment Compensation Case.

Argued September 29, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*J. F. Lawler*, with him *Ostroff, Anderson & Lawler*, for appellant.

*Sydney Reuben*, Special Deputy Attorney General, with him *Herbert B. Cohen*, Attorney General, for appellee.

OPINION BY HIRT, J., January 17, 1956:

The claimant in this unemployment compensation case had been in the employ of the Roosevelt Hotel in Philadelphia for about eleven months. Her last day of work was August 31, 1954. The referee after hearing found "Claimant did not report on September 1, 1954, due to illness. She notified the housekeeper, Miss Hill, that day. She did not ask for a leave of absence at that time and did not contact the employer thereafter until September 9, 1954, at which time she called to pick up her pay. She did not present a doctor's certificate at that time nor did she advise the employer of the possible date of her return. She never returned thereafter." Her claims for benefits were disallowed by the referee because of her failure to keep her employer "advised of the progress of her illness and the possible date of her return." From her failures in these respects the referee concluded that claimant was disqualified under §402(b) of the Unemployment Compensation Law as last amended by the Act of May 23, 1949, P.L. 1738, 43 PS §802(b). After further hearing the Board of Review on appeal adopted the findings and conclusions of the referee and affirmed his decision refusing benefits.

It is not disputed that claimant's supervisor, a Miss Hill representing the employer, had notice on September 1, the day following claimant's last employment that she was ill and was unable to work. Claimant testified that on September 9, when she next talked with Miss Hill, "I told her then that coming in to work was furthermost from my mind at that time . . ." And claimant admitted that she didn't then indicate when she would be back. Claimant again called Miss Hill on October 15, and reported that she was going to the Pennsylvania Hospital in Philadelphia for the removal of a tumor. She was operated upon there for complications from a miscarriage. Miss Hill testified

before the referee that claimant never was discharged by her employe and that "her job was still open" to her. Claimant never made any offer to resume her former employment but nevertheless on October 30, 1954, when presumably again able to work, she filed her application for benefits. The findings in this case are supported by the evidence and the questions before us therefore are wholly of law. Section 510 of the Unemployment Compensation Law, as amended by the Act of September 29, 1951, P.L. 1580, 43 PS §830. *Cassell Unemployment Compensation Case,* 167 Pa. Superior Ct. 440, 74 A. 2d 809.

Voluntary unemployment over an extended period in itself may amount to an abandonment of employment and a termination of the relationship of employer and employe. *Michalsky Unemployment Compensation Case,* 163 Pa. Superior Ct. 436, 62 A. 2d 113. Moreover absence from work upon even a good cause may, in law, become, after an unreasonably long period of time, a voluntary termination of employer-employe relationship, *without good cause* so as to preclude recovery of benefits under §402(b). *Vernon Unemployment Compensation Case,* 164 Pa. Superior Ct. 131, 63 A. 2d 383. Where an employe ceases his employment because of temporary disability, with the expectation of later returning to work he is required in some manner to manifest to his employer an intention not to abandon the labor force. *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 82 A. 2d 671. Benefits might have been denied the present claimant under the testimony in this case on the ground that her former employment was available to her at all times throughout the period of her disability and after her recovery. But in any view, since, during the period of her temporary disability she did not indicate an intention of resuming her work and did not take reasonable

measures necessary to preserve her employment status with the Roosevelt Hotel the Board properly disqualified her under §402(b).

Decision affirmed.