## Maltese Unemployment Compensation Case.

124

Argued June 9, 1959. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James McGirr Kelly,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WATKINS, J., July 6, 1959:

This is an unemployment compensation case in which the claimant was denied benefits under the provision that, "his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . ." Section 402(b) of the Unemployment Compensation Law, 43 PS §802(b). The Bureau of Employment Security, the Referee and the Board of Review, all, so decided.

The board found that the claimant, Carolyn M. Maltese, was last employed as a file clerk by the Curtis Publishing Company, Philadelphia, Pennsylvania; that her last day of work was April 12, 1957; that she left work without requesting a leave of absence or did not indicate any future intention of resuming work; that in a discussion with the company's physician she claims she was upset because she was unable to take care of her child and keep house while working; and that she did not get in touch with her employer again until December of 1957, when she sought reemployment and there was no work available. These findings are supported by competent evidence and therefore binding

on this Court. *Antinopoulas Unemployment Compensation Case,* 185 Pa. Superior Ct. 76, 137 A. 2d 921 (1958).

In the application of these facts, we agree with the board that it is incumbent upon an employe who finds it necessary to leave work, to take reasonable steps to maintain the employment relationship. *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 82 A. 2d 671 (1951); *Burton Unemployment Compensation Case,* 180 Pa. Superior Ct. 255, 119 A. 2d 868 (1956); *Junda Unemployment Compensation Case,* 188 Pa. Superior Ct. 254, 146 A. 2d 344 (1958). Failing to do so the claimant is deemed to have voluntarily left employment without a necessitous reason within the meaning of Section 402(b).

Decision affirmed.