Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Katherine L. Tate, Appellant.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Mark B. Segal,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 17, 1975:

This is an appeal by Katherine L. Tate (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) which affirmed an order of the referee denying unemployment compensation pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) (Act). We affirm.

Claimant was last employed by Universal Building Maintenance Company, as a charwoman. On April 4, 1975, Claimant complained to her supervisor of feeling ill and was directed by him to consult a physician. Claimant, before leaving work that day, informed her supervisor that if she would not be able to return to work, he would be so advised. The next day, while at home, she blacked out, fell down her stairway and sustained various injuries. Twelve days after this fall, she consulted a physician. Nine days after that, she informed her supervisor that she would not be returning to work and in the same conversation recommended a friend for her job.

6

She also filed a claim with her union's health and welfare fund.

After her recovery, she contacted her union secretary in an unsuccessful effort to obtain employment. No contact was made with her employer until she was denied unemployment compensation benefits four months after she was certified by her physician as being able to return to work.

The sole question presented is whether Claimant is eligible for unemployment compensation benefits under Section 402 (b) (1) of the Act, when she failed to contact her employer or otherwise maintain her employer-employee relationship following her recovery from an extended illness.

The Board in affirming the referee's decision found that her failure to notify her employer of the status of her illness between April 26 and March 15 of the next year coupled with her recommendation of a substitute was not consistent with a desire to remain employed. Absence from work for good cause may become, through the lapse of an unreasonable long period of time, a voluntary termination of the employer-employee relationship without good cause so as to preclude a recovery under Section 402 (b) (1) of the Act. *Antinopoulas Unemployment Compensation Case*, 181 Pa. Superior Ct. 515, 124 A. 2d 513 (1956) ; *Burton Unemployment Compensation Case*, 180 Pa. Superior Ct. 255, 119 A. 2d 868 (1956).

The Board determined that Claimant failed to maintain her employer-employee relationship, thus disqualifying her from receiving unemployment compensation benefits. Our review of the record compels us to agree. Therefore, we

ORDER

AND NOW, this 17th day of November, 1975, the Order of the Unemployment Compensation Board of Review is hereby affirmed.