Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* John Brown, Appellant.

Argued December 5, 1975, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

David Kraut, for appellant.

Daniel R. Schuckers, Assistant Attorney General, with him Sydney Reuben, Assistant Attorney General, and Robert P. Kane, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, January 26, 1976:

This is an appeal by John Brown from an order of the Unemployment Compensation Board of Review, dated February 25, 1975, which affirmed a referee's denial of benefits to Brown. The sole issue presented is whether Brown voluntarily terminated his employment without cause of a necessitous and compelling nature, as provided by Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b). We conclude that Section 402(b)(2) disqualifies Brown from receiving benefits, and affirm.

Brown was employed by A.R.A. as a cook. On February 11, 1974 he notified his supervisor by telephone that his mother was seriously ill at her home in West Virginia and that he was needed to help care for her. Brown left for West Virginia shortly afterward and, two weeks later, he contacted his supervisor by mail. Brown's letter, which was not introduced into evidence, purportedly informed the supervisor that Brown's mother was still ill and that Brown was unable to determine when he would be able to return to work. Brown also indicated in his testimony that his letter requested that his accrued pay checks be mailed to him at his mother's home. On March

4, 1974, Brown received a letter from his supervisor, dated February 28, 1974, which contained the requested checks and a note which read as follows:

"Dear John—Sorry to hear of your trouble. Enclosed are three checks due you. . . . Let me know if, and when you will return as I cannot hold your job open too long."

Brown did not respond to this letter either by mail or telephone. On March 7, 1974, Brown left West Virginia to return home, and on March 8, 1974, he contacted his supervisor only to learn that his job had been filled by another.

Although the Board and the referee based their determinations on Section 802(b)(1) of the Act, neither of the parties refers us to Section 402(b)(2), which qualifies the eligibility determination of Section 402(b)(1) in cases involving absences due to family responsibilities. The parties have disagreed on the question of whether Brown took reasonable steps to maintain the employment relationship.[1] We find it unnecessary to deal with this question in light of the following language in Section 402(b)(2):

"An employe shall be ineligible for compensation for any week—

"(b)(2) In which his or her unemployment is due to leaving work . . . (II) because of a marital, filial or other domestic obligation or circumstance. . . ."

As we pointed out in *Crumbling v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974), this provision has been

---

1. *See Unemployment Compensation Board of Review v. Kapsch*, 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975); *Tollari v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973); *Maltese Unemployment Compensation Case*, 190 Pa. Superior Ct. 123, 152 A.2d 773 (1959); *Martinez Unemployment Compensation Case*, 186 Pa. Superior Ct. 50, 140 A.2d 351 (1958).

consistently construed to negate the "necessitous and compelling" nature of absences caused by the need to care for ill family members. The law thus presumes that when one leaves his employment for such reasons, the separation is voluntary. There is no question that Brown's unemployment is causally related to his leaving work for the purposes specified in Section 402 (b) (2), and although A.R.A. was under no obligation to grant a leave of absence, it waited almost a month before replacing Brown. A.R.A. was given no notice during that period when Brown might be able to return to work.

The *Martinez* case, *supra* note 1, relied upon by Brown, was decided prior to the effective date of Section 402 (b) (2),[2] and is thus not controlling.

### ORDER

AND NOW, this 26th day of January, 1976, the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated February 25, 1975, is affirmed.

---

2. Act of December 17, 1959, P.L. 1893, §8.