Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania v. Delmar L. Thomas, Appellant.

Argued March 5, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Herbert Karasin*, with him *Louis M. Shucker*, and *Alan Linder*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 19, 1976:

Appellant was employed as an installer of sprinkler systems from May 28, 1974, until his last day of work on June 14, 1974. On the latter date, appellant became ill and was admitted to the Reading Hospital for treatment of a peptic ulcer and other problems. Appellant remained in the hospital for twenty-seven (27) days until July 13, 1974, and thereafter remained under the care of his doctor, who advised him that he was not physically able to return to work until October 9, 1974.

At the request of appellant, appellant's son contacted the president of the company for which his father worked within one week after appellant's last day of work, informed him that his father was ill and requested that his paycheck be mailed. Appellant also testified that he called the company on October 9, 1974, and the man who answered the telephone told him there was no work. The

president of the employer-company testified that neither he nor his superintendent was aware of any such contact and that between January, 1975 and May, 1975, the company hired four additional men. Appellant's next contact with the employer was on March 4, 1975, when he called to discuss his application for unemployment compensation.

Appellant applied for unemployment compensation benefits on January 5, 1975. The Bureau of Employment Security determined he was eligible for benefits. On a timely appeal by the employer, the referee held appellant had voluntarily abandoned his employer-employee relationship and, therefore, denied benefits. The Unemployment Compensation Board of Review adopted the determination of the referee and the instant appeal followed.

Section 402 (b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)·(1), provides, in pertinent part:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

If appellant abandoned his employer-employee relationship, it is tantamount to voluntarily leaving work and would disqualify him from obtaining unemployment compensation benefits. The referee found, *inter alia:*

"6. During the period June 16, 1974 to March 3, 1975, inclusive, claimant had no contact with his employer."

Appellant asserts there is no evidence in the record to substantiate the quoted findings. However, findings of fact adopted by the Board are binding on this Court if

supported by substantial evidence, with matters of credibility and weight left to the Board. *Progress Manufacturing Co., Inc. v. Unemployment Compensation Board of Review*, 406 Pa. 163, 176 A.2d 632 (1962); *Unemployment Compensation Board of Review v. Vojtas*, 23 Pa. Commonwealth Ct. 431, A.2d (1976); *Winkler v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 49, 338 A.2d 770 (1975). In the instant case, the record includes the testimony of the president of the employer-corporation that neither he nor the superintendent received the call appellant testified he made on October 9,[1] and not long after the date of the alleged call, workers were hired. Further, the referee indicated that the credibility of the appellant was involved.

Absence from work, even for a good cause such as illness may become, through the lapse of an unreasonable amount of time, a voluntary termination. *Unemployment Compensation Board of Review v. Tate*, 22 Pa. Commonwealth Ct. 4, 347 A.2d 501 (1975); *Antinopoulas Unemployment Compensation Case*, 181 Pa. Superior Ct. 515, 124 A.2d 513 (1956); *Burton Unemployment Compensation Case*, 180 Pa. Superior Ct. 255, 119 A.2d 868 (1956). In *Tate,* Judge CRUMLISH, speaking for the Court, stated:

"The sole question presented is whether Claimant is eligible for unemployment compensation benefits under Section 402(b)(1) of the Act, when she failed to contact her employer or otherwise maintain her employer-employe relationship following her recovery from an extended illness." 22 Pa. Commonwealth Ct. at 6, 342 A.2d at 502.

---

1. The appellant attempts to account for the fact that he did not contact the president or the superintendent because he had not worked there very long. However, he did contact the president earlier by having his son call to report his illness and request his paycheck be mailed.

In the instant case, we are compelled to resolve this issue in the same manner that we did in *Tate.*

Accordingly, we enter the following

ORDER

Now, March 19, 1976, the order of the Unemployment Compensation Board of Review, denying benefits to Delmar L. Thomas, is affirmed.