Redevelopment Authority of the County of Dauphin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, and Pauline A. Smith, Respondents.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Robert D. Hanson,* for petitioner.

*Elsa Newman,* Assistant Attorney General, with her *James Bradley,* Assistant Attorney General, *Daniel R. Schuckers,* Assistant Attorney General, *Richard Wagner,* Assistant Attorney General-Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., September 12, 1979:

The Redevelopment Authority of the County of Dauphin (Employer) appeals from an order of the Unemployment Compensation Board of Review affirming a referee's award of benefits to Pauline A. Smith (Claimant). We reverse.

The issue presented is whether Claimant made a reasonable attempt to preserve her employment relationship before resigning because failure to do so would require denial of benefits on the basis of a voluntary termination without cause of a necessitous and compelling nature within the meaning of Section 402(b)(1).[1] *Maltese Unemployment Compensation Case,* 190 Pa. Superior Ct. 123, 152 A.2d 773 (1959).

The essential facts are succinctly stated. Smith was advised by her physician that major surgery was needed with an indefinite recovery period. She informed her superiors of her doctor's advice and, after discussion with them, tendered her letter of resignation.

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

She candidly admits that she did not request a leave of absence without pay although such a leave was available. She contends that she was dissuaded from making said request after being informed that such leaves were "frowned upon." We disagree that she was relieved of the duty to make such a request before resigning. In *Tollari v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973), we denied benefits to claimants who failed to request lighter work when they *assumed* that none was available. We see no controlling distinction here.

Accordingly, we

ORDER

AND Now, this 12th day of September, 1979, the order of the Unemployment Compensation Board of Review in the above captioned case, dated November 25, 1977 awarding benefits to Pauline A. Smith, is reversed.