Charles D. Flood, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 1, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*J. Hugh O'Donnell,* for petitioner.

*Gary J. Marini,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, November 20, 1979:

The Unemployment Compensation Board of Review affirmed the referee's determination that claimant was ineligible for benefits under Seection 402(b) (1) of Pennsylvania's Unemployment Compensation Law, 43 P.S. §802(b)(1),[1] the board agreeing that claimant had failed to establish that his voluntary resignation from the Central Penn National Bank was due to "cause of a necessitous and compelling nature," arising from alleged poor health.

---

[1] Act of December 5, 1936, P.L. (1937) 2897, *as amended.*

Claimant testified that in November, 1977 he had been under a doctor's care, spending eight days in the hospital, for symptoms he felt were work-related but which were never specifically diagnosed. Claimant admitted that, after resuming his duties at work, he did not again go under a doctor's care; however, he resigned on March 31, 1978 because of the tension and headaches he experienced, which in his opinion were caused by aggravation and pressure connected with his work.

Our courts have held that cause of a necessitous and compelling nature can be established by showing aggravation of a nervous condition. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977).

Here however, claimant did not present competent evidence tending to prove that he was forced to terminate his employment because of health reasons; claimant did not offer any medical evidence to support his contention that his poor health justified his decision to quit. *Deiss, supra. See also, Rinehart v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 15, 19, 389 A.2d 243, 245 (1978).

Additionally, claimant failed, as required, to ask the employer for a transfer to a more suitable position before he resigned. *Tollari v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973).

The board was correct in concluding that claimant failed to prove that his termination was due to necessitous and compelling reasons. Therefore we affirm the order of the board.

ORDER

AND Now, this 20th day of November, 1979, the order of the Unemployment Compensation Board of Review (No. B-162063) dated July 31, 1978, is affirmed.