Dorothy E. McDonald, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1979, before Judges WIL-KINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Michelle R. Terry,* with her *Nathaniel C. Nichols,* for appellant.

*Elsa D. Newman,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., December 14, 1979:

Petitioner (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying her unemployment compensation benefits after concluding that she voluntarily quit her employment without cause of a necessitous and compelling nature as required by Section 402(b)(1) of the

Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). We reverse.

Findings of fact of the Board are binding upon this Court when supported by substantial evidence. *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978). The Board found that the claimant had left her employment as the secretary in a shop office of Walton Products, Inc., because she felt that the pressure and tension involved were adversely affecting her health and because her doctor had advised her to quit. However, the Board also found that the claimant did not ask for other work before leaving. Because the claimant had not shown that she had asked for lighter work or that such a request would have been futile, the Board concluded that benefits must be denied under Section 402(b)(1) of the Law.

The claimant had been working for the same employer for seven years but allegedly had been suffering from deteriorating health in the past two years, primarily nervous problems. She had asked her employer for help several times, explaining that the increasing workload was making her nervous. She had also visited her doctor, who had indicated to her that if working conditions did not improve she should find other employment.

The Board concluded that the claimant had quit her employment for medically certified health reasons. Their basis for denial of benefits rested on the lack of testimony indicating a request for a leave of absence or lighter work. Because we find competent evidence that a request for a leave would have been futile and requests for lighter work were made in the requests for help with the workload, we must conclude that the decision of the Board was not based on substantial evidence.

The requirements for a claimant seeking benefits after leaving employment for health reasons are set out in *Baldassano v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 457, 460, 383 A.2d 988, 989-90 (1978):

It is well established that 'physical disability may constitute a necessitous and compelling reason for leaving one's employment and would not render the employee ineligible for unemployment compensation.' *Kernisky v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 199, 201, 309 A.2d 181, 183 (1973). A claimant seeking benefits after leaving employment for health reasons must, however, meet certain requirements. First, the employee must inform the employer of the health problems. *Elshinnawy v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974). Second, the employee must request a transfer to work which is suitable in light of the health problems. *Tollari v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973). Third, the employee must offer 'competent testimony that *at time of termination,* adequate health reasons existed to justify termination.' *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 551, 381 A.2d 132, 136 (1977). (Emphasis in original.)

It is the second requirement which the Board alleges the claimant did not meet. An employee quitting for health reasons must show that she has made a reasonable effort to preserve her employment before she can be eligible for benefits. The lack of a request for a leave of absence can lend support to a conclusion that a claimant has not acted to preserve her employ-

ment. *See Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975). The Board points to a recent case in which a claimant who had been advised by her physician that she needed surgery informed her employer and then resigned without requesting a leave of absence. She was denied benefits for failing in her duty to preserve the employment relationship. *See Redevelopment Authority of the County of Dauphin v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 597, 405 A.2d 1061 (1979). The facts here are different. In *Redevelopment Authority* the health problem was unrelated to work conditions and could be corrected during a leave. Here, the claimant could not decrease her heavy workload, which was the reason for her nervousness, by taking a leave of absence. A leave would not decrease her workload upon her return. Therefore, the failure to make such a request cannot be the basis for a denial of benefits. The Board argues in the alternative that the claimant should have asked for lighter work. The testimony shows that she asked her employer several times to hire extra help due to the heavy workload. As she was the only secretary in the office, requests for help had the same effect as requests for lighter work. The Board cannot disregard substantial evidence that the claimant did indeed try to maintain the employment relationship before quitting.

Accordingly, we will enter the following

ORDER

AND Now, December 14, 1979, the appeal by Dorothy E. McDonald from the order of the Unemployment Compensation Board of Review, Decision No. B-162158, dated July 31, 1978, is sustained and the record is remanded to the Board for the computation of benefits due the claimant.