Ardell MacGregor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review; Respondent.

4

Argued April 10, 1980, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Joseph L. Romano*, with him *Ronald I. Rosenstein*, for petitioner.

*Steven R. Marcuse*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 4, 1980:

Ardell MacGregor was denied benefits on grounds that he voluntarily terminated his employment with Kaiser Aluminum without cause of a necessitous and compelling reason. Section 402(b)(1) of the Pennsylvania Unemployment Compensation Law, Act of

December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(b)(1).[1] He appeals; we affirm.

MacGregor, a 58-year old electrician, contends that he was forced to terminate his employment due to a continuing pattern of age discrimination which deprived him of a vacation allowance and a promotion to which he was otherwise entitled. This alleged discrimination in turn caused a nervous condition which MacGregor claims, in consideration of its effect on his general health and welfare, forced him to resign.

In determining whether he had compelling or necessitous reasons for voluntarily quitting his job, we resort to hornbook law that limits our scope of review, to wit: one who asserts that his leaving employment was not voluntary termination or that termination was for a cause of a necessitous and compelling nature has the burden of proving such assertions. Since MacGregor did not prevail below, review by this Court is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Bowman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980).

Employer argues that MacGregor's work performance was satisfactory and that continued work was available had he remained on the job. Employer agrees that a vacation allowance was omitted for over two years; however, the record indicates that this was

---

[1] This section reads in pertinent part as follows:

An employee shall be ineligible for compensation for any week—

....

(b)(1)  In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature....

due to unfortunate circumstances beyond employer's control and does not evidence any discrimination by employer. MacGregor's charge of age discrimination, if supported by evidence in the record, would constitute a necessitous and compelling reason for leaving his employment. *See* Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621-634. Here, however, MacGregor did not present competent evidence tending to prove that he was forced to terminate his employment because of age discrimination. To the contrary, the record supports the Board's Finding of Fact No. 8:

> The employer did not discriminate against the claimant. The claimant did not receive the promotion which he desired because, as is provided in the current labor-management agreement, the employer felt the other employe's ability to be better suited for the job.

Promotion of the more qualified employee, ranking closely in seniority, does not, in itself, constitute age discrimination; rather, it merely exemplifies the exercise of valid management judgment.

Finally, MacGregor's contention that his nervous condition forced his resignation and amounts to cause of a necessitous and compelling nature has merit only if it is supported by showing aggravation of a nervous condition, *Flood v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 371, 407 A.2d 1367 (1979). Furthermore, a necessary prerequisite to eligibility for physical disability benefits is that the employee must inform employer of the health problems, coupled with a request to transfer to work more compatible with his disability. *McDonald v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 16, 408 A.2d 1181 (1979). The Board found no evidence that MacGregor informed his employer of his disability or that employer was aware

of it. This finding is supported in the record and stands as a valid conclusion.

Concluding that MacGregor failed to meet the prescribed burden of proof that his termination was due to necessitous and compelling reasons, we issue the following

ORDER

AND Now, this 4th day of June, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-163635-B, is hereby affirmed.