Linda J. Vegh, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 4, 1983, to Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Maxwell H. Cohen, Cohen and Cohen, P.C.,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 3, 1983:

Linda J. Vegh (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee denying benefits based upon her voluntary termination of employment without cause of a necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The claimant had been employed by the General Electric Company for eight years, her last position being that of "Cost Account Supervisor and Expense Analyst." On August 17, 1981, she voluntarily terminated her employment, alleging discrimination in working hours and overtime, and harassment in the

form of sexual advances and physical abuse by her immediate supervisor.[1]

The referee denied benefits, finding no merit in the claimant's contentions and further finding that she had never discussed these allegations with anyone at General Electric prior to quitting. The Board affirmed the denial of benefits, and the instant appeal followed.

The claimant had the burden of proving that her job termination was for cause of a necessitous and compelling nature, *Colduvell v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 185, 408 A.2d 1207 (1979). And, inasmuch as she did not prevail below, our scope of review is limited to a determination of whether or not the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *MacGregor v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 3, 415 A.2d 141 (1980).

The claimant argues that the referee capriciously disregarded her testimony relating to sexual harassment. The referee, however, after hearing her testimony as well as that of her supervisor and four other employees who worked closely with her and with the supervisor, found the latter to be more credible testimony than hers. And it was his function, not that of this Court, to determine the credibility of the witnesses

---

[1] We note that when initially applying for benefits to the Office of Employment Security, on the Summary of Interview form dated August 21, 1981, the claimant did *not* raise any allegations of sexual harassment or physical abuse. She stated that she quit because her supervisor had made a notation on her time card concerning her lateness, and that he demanded that she take a half hour lunch instead of an hour lunch period.

After the Office of Employment Security denied her benefits, she raised the allegations of sexual harassment and physical abuse for the first time in her petition for appeal.

and the weight to be given to their testimony. *Rudy v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 633, 410 A.2d 97 (1980).

Because there is ample evidence in the record to support the referee's findings, we will affirm the order of the Board.

ORDER

AND Now, this 3rd day of June, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.