IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dina Cianci,                          :  **CASES CONSOLIDATED**
                                      :
                   Petitioner         :
                                      :
            v.                        :  No. 850 C.D. 2024
                                      :  No. 851 C.D. 2024
Unemployment Compensation             :  No. 852 C.D. 2024
Board of Review,                      :  No. 853 C.D. 2024
                                      :  Submitted:  October 9, 2025
                   Respondent         :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 21, 2026


         In these consolidated appeals, Dina Cianci (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation (UC) Board of Review (Board) that assessed a non-fraud overpayment of UC benefits under the Unemployment Compensation Law (Law).[1]  In these cases, the Board affirmed the Referee's decisions that dismissed Claimant's appeals as untimely under Section 501(e) of the Law.[2]  Upon review, we affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §751–918.10.

[2] 43 P.S. §821(e).

Based upon the Certified Record (CR) in this matter, the Board made the following relevant findings and conclusions:[3]

> The Department of Labor and Industry (Department) issued a determination disqualifying [C]laimant from benefits. [C]laimant filed an appeal and following a hearing where [C]laimant appeared and testified, and the employer failed to appear, the Referee issued a decision dismissing [C]laimant's appeal as untimely. Thereafter, [C]laimant filed a further appeal from the Referee's decision. The [Board] remanded the case to a Referee, acting as Hearing Officer for the Board, to take testimony on [C]laimant's [untimely appeal].
>
> * * *
>
> [C]laimant testified that she did not realize that there were issues with her [UC] claim until November of 2021. [C]laimant testified that she did not realize that there was a deadline to appeal, and she was confused about the process and thought the paperwork was a scam. Finally, [C]laimant testified that she was undergoing treatment for medical issues at points during the period in question. [C]laimant did not file her appeal until June of 2023.[4]

---

[3] As this Court explained long ago: "[F]indings of fact adopted by the Board are binding on this Court if supported by substantial evidence, with matters of credibility and weight left to the Board." *Unemployment Compensation Board of Review v. Thomas*, 354 A.2d 46, 47 (Pa. Cmwlth. 1976) (citations omitted).

[4] These findings are amply supported by substantial evidence as Claimant testified, in relevant part, as follows:

> R    So let's try to find out more about what happened to have an appeal that's a year and a half late. So the Service Center determinations were issued back in the end of November, 2021. Did you ever receive notification that the Service Center had found you ineligible or overpaid?
> C    I didn't know about that until February 2022. That's when I first remember getting a bill for over $15,000. Because I had tried

**(Footnote continued on next page…)**

2

to collect [UC], but I had a really hard time back in the fall of 2021. I was trying to collect [UC], but I had problems getting into the system, and I just wasn't able to do it. So I just gave up and I tried to get two different jobs. So I really didn't know until February 2022 about the bill for over $15,000. And I showed it to my father's brother-in-law, who was a lawyer, and he thought it was a scam, which I thought too, because I couldn't understand how it was possible I would owe that amount. I reached out to [the Department] in March 2022 with an email, but it wasn't until July 2022 that I recall receiving a reply back, also in email form. I received a letter July 1st, 2022 from [the Department] telling me I was ineligible because of an overpayment. Unfortunately, that was when I happened to be in a lot of pain, and feeling very sick from cancer surgery on June 28th. I had that surgery June 28th. So I didn't go through any appeal that they had mentioned I could in the letter. Then I had to go through chemo and then radiation. And by the time I finished my cancer treatment, it was February, 2023, and I did not have to collect [UC] again until May 2023. And that's when I found out I was still ineligible, and I was still being billed $15,000. I had not received any more letters from you -- from [the Department] that I recall about that bill. So I had thought that the matter was dropped.

\* \* \*

R	So you had received a bill in March 2022, you'd gotten an email in July, 2022, and then you were told again, that you were overpaid in May of 2023. But at any time did you receive the actual determinations where the Service Center had found you ineligible and overpaid?
C	I got like a couple of payment coupons saying it was just like a bill, it didn't say anything else, really. It just says you owe this amount. But I did get that letter from July, that was the most clear-cut letter telling me that I was ineligible because of an overpayment. And I do have the letter in front of me if you want me to read it off.

\* \* \*

R	So to be clear, you received that letter, but did you ever receive a copy of the determination finding you ineligible and overpaid?
C	I don't remember.
**(Footnote continued on next page…)**

The provisions of Section 501(e) of the Law[5] are mandatory; the Board and its referees have no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. Therefore, the Referee properly dismissed [C]laimant's petition for appeal.

---

CR at 515-16, 517-18.

Nevertheless, in her appellate brief, Claimant concedes:

When I attempted to file for [UC] in the fall of 2021, I received a message that I did not qualify. Recently I came across a letter of "Disqualifying Separation Determination" dated 11/22/2021, which said: "We have completed a review and investigation for your claim for [UC] benefits referenced above. We have determined that you left your employment [with the employer] because of personal or other reasons. [C]laimant's last day of work was 3/15/2020. [C]laimant voluntarily quit for unknown reasons. [C]laimant did not try to resolve the issue prior to quitting." I do not understand how the [Department] came to this conclusion, because NONE of the information in that letter was true.

Petitioner's Brief at 7.

[5] Section 501(e) states, in relevant part:

(e) Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment under [this Section] no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e).

CR at 522-23. Accordingly, the Board entered an order affirming the Referee's decision and dismissing Claimant's appeal, *see id.* at 523, and Claimant filed this further appeal in this Court.[6]

On appeal, Claimant contends that the Board erred in dismissing her appeal as untimely because the initial November 2021 determination that she left her employment with her former employer as a voluntary quit is incorrect, and does not support finding a non-fault overpayment. Specifically, she contends:

> Looking at the **Notices of Determination Non-Fault UC Overpayment**, I see that the reason for this determination is "because the Claimant was found ineligible on a voluntary quit from [her former employer]." So it appears that the only reason I am being charged thousands of dollars and have been fighting this case for 2 years is because of the false determination that I quit my job at [my former employer]. Since this determination is completely false, I believe this charge against me should be dropped.

Petitioner's Brief at 8 (emphasis in original).

However, as this Court has recently explained:

> Section 501(e) of the Law requires a claimant to appeal a notice of determination of the [Department] within 21 days after the notice was mailed to the claimant's last known post office address. 43 P.S. §821(e). We have held that the 21-day period "is mandatory and subject to strict application." *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996). If an appeal from the Department's determination is not filed within the 21-day

---

[6] As this Court has explained: "Our review of a Board adjudication determines whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were supported by substantial evidence." *Wilson v. Unemployment Compensation Board of Review* (Pa. Cmwlth., Nos. 1257-1272 C.D. 2023, filed March 11, 2025), slip op. at 3, n.3 (citation omitted); *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

period, the determination becomes final, and the Board does not have jurisdiction to consider the merits of the matter. *Id.*

An untimely appeal may be permitted in limited circumstances. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). However, the claimant bears a heavy burden to justify an untimely appeal. *Id.* To satisfy her burden of proof, the claimant must establish either that the Department "engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct beyond [the claimant's] control caused the delay" in filing the appeal. *Id.* Thus, the "[f]ailure to file an appeal within [21] days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Id.* (quoting *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 2003)).

. . . The Pennsylvania Supreme Court has characterized an administrative breakdown as occurring when "an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000). In the instant matter, there is no evidence of negligence or improper action by the Department with regard to the determinations. The determinations plainly notified [the c]laimant of her right to appeal and the deadlines for those appeals.

*Wilson v. Unemployment Compensation Board of Review* (Pa. Cmwlth., Nos. 1257-1272 C.D. 2023, filed March 11, 2025), slip op. at 3-4.

As outlined above, in this case, Claimant asserts that her suspicions that the Notices of Determination were fraudulent, and her unfortunate health difficulties, resulted in the delay in her filing her UC appeal. However, we have previously rejected such suspicions and personal difficulties as an adequate excuse for the late filing of an appeal under Section 501(e). *See Wilson*, slip op. at 4 ("[The c]laimant

6

testified that she received the notices of determination by emails and text messages. She chose to ignore them in the belief that they were fraudulent."); *id.* at 5 ("[The c]laimant testified that her 'hands [were] so full' that she 'just [did not] pay a lot of attention' to the determination notices because she had a surgery and had to take care of her mother. . . . In any event, the pressure of life events does not excuse an untimely appeal."). As a result, we are likewise constrained to conclude that "[b]ecause Claimant offered no evidence that the Department engaged in fraudulent behavior or wrongful or negligent conduct, or that non-negligent conduct beyond Claimant's control caused the delay in filing the appeal, we affirm the Board's adjudication." *Id.* at 6 (footnote omitted).

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Dina Cianci, | : **CASES CONSOLIDATED** |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 850 C.D. 2024 |
| | : No. 851 C.D. 2024 |
| Unemployment Compensation | : No. 852 C.D. 2024 |
| Board of Review, | : No. 853 C.D. 2024 |
| | : |
| Respondent | : |

# **O R D E R**

AND NOW, this 21st day of April, 2026, the orders of the Unemployment Compensation Board of Review dated May 1, 2024, are AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge